UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

KWAME ASARE and HAYDEE CAMPOS,                     :
on behalf of themselves and on behalf              :
of all other similarly-situated persons,           :      Civil Action No.
                                                    :
                          Plaintiffs,               :      **COMPLAINT**
                                                    :
            v.                                      :      <u>**Jury Trial Demanded**</u>
                                                    :
THE CHANGE GROUP NEW YORK, INC.,                   :
                                                    :
                          Defendant.                :
----------------------------------------------------------------x

     Kwame Asare and Haydee Campos (together "Plaintiffs"), by and through their counsel,

Thompson Wigdor LLP, as and for their Complaint in this action against Defendant The Change

Group New York, Inc. ("Defendant"), on behalf of themselves and on behalf of all other

similarly-situated persons, hereby allege as follows:

## <u>NATURE OF THE CLAIMS</u>

    1.    Plaintiffs bring this action to recover: (a) minimum wage and overtime which

Defendant failed to pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201

*et seq.*, and the New York Labor Law ("NYLL"), §650 *et seq.*; (b) straight-time wages which

Defendant failed to pay in violation of NYLL §191; and (c) wages which Defendant unlawfully

deducted in violation of NYLL §193.

    2.    Plaintiffs' claims under the FLSA are brought as a collective action, pursuant to

29 U.S.C. §216(b), on behalf of themselves and on behalf of all other similarly-situated persons

who were/are employed by Defendant in New York, New York as "Foreign Exchange Sales

Consultants" and/or in a similar position and "Team Leaders" and/or in a similar position who

were/are not paid the prevailing minimum wage for all hours worked and overtime at a rate of

one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week for the period of April 27, 2009 to the date of the final disposition of this action (the "FLSA Collective Period"). Plaintiffs and all such other similarly-situated persons are jointly referred to herein as the "FLSA Collective."

3.     The FLSA Collective are similarly situated because during the FLSA Collective Period they were all subject to Defendant's common policy and/or practice of not paying the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

4.     Plaintiffs' claims under the NYLL are brought as a class action pursuant to Federal Rule of Civil Procedure Rule 23 on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendant in New York, New York as "Foreign Exchange Sales Consultants" and/or in a similar position and "Team Leaders" and/or in a similar position who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week and straight-time wages for all hours worked, and whose wages were unlawfully deducted for the period of April 27, 2006 to the date of the final disposition of this action (the "New York Class Period"). Plaintiffs and all other such similarly-situated persons are jointly referred to herein as the "New York Class."

5.     The New York Class are similarly situated because during the New York Class Period they were all subject to Defendant's common policy and/or practice of not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half time their regular rate of pay for all hours worked in excess of 40 hours per week and straight-time wages for all hours worked, and making unlawful deductions from wages.

**JURISDICTION AND VENUE**

6.      Pursuant to 28 U.S.C. §§1331 and 1343, the Court has subject matter jurisdiction over this action because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. §1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under the NYLL.

7.      Pursuant to 28 U.S.C. §1391(a), venue is proper in this district because Defendant resides in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

8.      Plaintiffs' claims are properly consolidated as a single action because their claims involve the same defendant, and arise from the same nexus of facts and circumstances and involve nearly identical issues of fact and law.

**PARTIES**

9.      Plaintiff Kwame Asare is a resident of Bronx, New York and was employed by Defendant from October 2009 through April 2012.  At all relevant times, he was an "employee" within the meaning of all applicable statutes.

10.     Plaintiff Haydee Campos is a resident of Elmhurst, New York and has been employed by Defendant since August 2011.  At all relevant times, she was an "employee" within the meaning of all applicable statutes.

11.     Defendant The Change Group New York, Inc. is a Delaware corporation with a principal place of business at 234 West 42nd Street, New York, New York.  Defendant is one of the world's leading providers of foreign currency exchange services to tourists and owns and operates seven branches in New York, New York that are located at: (a) 1568 Broadway; (b) 315 Madison Avenue; (c) 2 Times Square; (d) 234 West 42nd Street; (e) 339 Fifth Avenue; (f) South

Street Sea Port Pier 17; and (g) 22 West 34th Street. At all relevant times, Defendant was an "employer" within the meaning of all applicable statutes and, an enterprise engaged in commerce, as defined by §203(r) and (s) of the FLSA, with annual gross volume of sales made or business done in an amount not less than $500,000.

## FACTUAL ALLEGATIONS

12.     From October 2009 through March 2010, Mr. Asare was employed by Defendant as a Foreign Exchange Sales Consultant ("Sales Consultant") in New York, New York. From April 2010 through April 2012, Mr. Asare was employed by Defendant as a Team Leader in New York, New York.

13.     Since August 2011, Ms. Campos has been employed by Defendant as a Sales Consultant in New York, New York.

14.     The primary job duty of a Sales Consultant is to exchange currencies for customers.

15.     One of the primary job duties of Team Leaders is, similar to Sales Consultants, to exchange currencies for customers.

16.     Sales Consultants and Team Leaders are not assigned to work exclusively at one of Defendant's branches but are assigned to work at several of Defendant's branches.

17.     Sales Consultants and Team Leaders are paid on an hourly basis.

18.     As a Sales Consultant, Mr. Asare was paid a base hourly wage starting at approximately $12.50 per hour. As a Team Leader, Mr. Asare was paid a base hourly wage of approximately $18.50 per hour. In February 2012, Mr. Asare's base hourly wage was increased to approximately $21.12 per hour.

19.     From the commencement of her employment, Ms. Campos was paid a base hourly wage of approximately $13.00 per hour.  In February 2012, Ms. Campos' base hourly wage was increased to approximately $13.63.

20.     In addition to being paid a base hourly wage, Sales Consultants and Team Leaders are also supposed to be paid, on a monthly basis, a non-discretionary commission that is based upon a percentage of the gross profit earned on each currency exchange transaction they handle. For example, as of February 2012, Sales Consultants and Team Leaders are paid 1% of the gross profit earned on each currency exchange transaction they handle at Defendant's 1568 Broadway branch.

21.     Defendant, however, does not include the amount of any commissions earned by Sales Consultants and Team Leaders when determining their regular rate of pay for the purpose of calculating their overtime pay.  Defendant did not include the amount of commissions earned by Plaintiffs when determining their regular rate of pay for the purpose of calculating their overtime pay.  As a result, Defendant incorrectly pays Sales Consultants and Team Leaders, including Plaintiffs, overtime based solely on their base hourly wage.

22.     Defendant also makes unlawful deductions from the wages of Sales Consultants and Team Leaders.  For instance, if Sales Consultants and Team Leaders make errors when exchanging currencies that result in a cash shortage in excess of $3.00 per transaction, Defendant unlawfully deducts the amount of the cash shortage from the commission earned by the Sales Consultant or Team Leader who made the mistake as a fine or penalty.  Furthermore, if Sales Consultants and Team Leaders make administrative errors in connection with exchanging currencies, *e.g.*, spelling the name of the customer incorrectly on paperwork, Defendant

unlawfully deducts an amount from the commission earned by the Sales Consultant or Team Leader who made the mistake as a fine or penalty.

23.     When Plaintiffs made errors in connection with exchanging currencies that resulted in a cash shortage in excess of $3.00 per transaction, Defendant unlawfully deducted the amount of the cash shortage from the commission they earned.   When Plaintiffs made administrative errors in connection with exchanging currencies, Defendant unlawfully deducted an amount from the commission they earned.

24.     Sales Consultants and Team Leaders are scheduled to work 8 hour and 15 minute shifts each day for five days each week, and are permitted one unpaid 45 minute meal break during each shift.   However, Sales Consultants and Team Leaders are regularly interrupted during their meal break and are required to attend to customers during their meal break.

25.     When this occurs, Defendant does not pay Sales Consultants and Team Leaders for the time they work during their meal break.   Furthermore, Defendant does not count the time Sales Consultants and Team Leaders work during their meal break as hours worked when determining whether they worked in excess of 40 hours per week.

26.     When Plaintiffs were required to attend to customers during their meal break, Defendant did not pay them for the time they worked.   Furthermore, Defendant did not count the time Plaintiffs worked during their meal break as hours worked when determining whether they worked in excess of 40 hours per week.

27.     After the end of their scheduled shift, Sales Consultants and Team Leaders are required to remain at work until their replacement counts the money in the register of the person they are replacing.

28.     Defendant does not pay Sales Consultants and Team Leaders for the time they are required to stay at work after the end of their scheduled shift.  Furthermore, Defendant does not count the time Sales Consultants and Team Leaders are required to stay at work after the end of their scheduled shift as hours worked when determining whether they worked in excess of 40 hours per week.

29.     When Plaintiffs were required to stay at work after the end of their scheduled shift, Defendant did not pay them for that time.  Furthermore, Defendant did not count the time Plaintiffs were required to stay at work after the end of their scheduled shift as hours worked when determining whether they worked in excess of 40 hours per week.

30.     When Sales Consultants and Team Leaders arrive late for the start of their shift, Defendant fines or penalizes them by deducting from their wages an amount that exceeds the number of minutes they are late.  For example, if a Sales Consultant or Team Leader is 2 minutes late for the start of his/her shift, Defendant deducts 15 minutes worth of wages, even if he/she works the full time remaining in their shift.

31.     Additionally, when Sales Consultants and Team Leaders arrive, for example, less than 15 minutes late for the start of their shift but work the full time remaining in their shift, Defendant does not count any of the time worked during the first 15 minute of their shift as hours worked when determining whether they worked in excess of 40 hours per week.

32.     When Plaintiffs were late for the start of their shift, Defendant deducted 15 minutes worth of wages from their pay even if they were less than 15 minutes late and worked the full time remaining in their shift.  Furthermore, when Plaintiffs arrived less than 15 minutes late for the start of their shift but worked the full time remaining in their shift, Defendant did not

count the time Plaintiffs worked during the first 15 minutes span of their shift as hours worked when determining whether they worked in excess of 40 hours per week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

33.     Plaintiffs bring their FLSA claims as a collective action pursuant to the FLSA on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and Team Leaders and/or in a similar position who were/are not paid the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half time their regular rate for all hours worked in excess of 40 hours per week during the FLSA Collective Period.

34.     The basic job duties of the FLSA Collective were/are the same as or substantially similar to those of Plaintiffs, and the FLSA Collective were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

35.     The FLSA Collective, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendant, including failing to pay the prevailing minimum wage for all hours worked and overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

36.     During the FLSA Collective Period, Defendant was fully aware of the duties performed by Plaintiffs and the FLSA Collective, and that those duties were not exempt from the minimum wage and overtime provisions of the FLSA.

37.     As a result of Defendant's conduct, as alleged herein, Defendant violated 29 U.S.C. §206 by not paying the FLSA Collective and Plaintiffs the prevailing minimum wage for all hours worked.

38.    As a result of Defendant's conduct, as alleged herein, Defendant violated 29 U.S.C. §207 by not paying the FLSA Collective and Plaintiffs overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.

39.    Defendant's violations of the aforementioned statutes were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the FLSA Collective.

40.    As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the FLSA Collective for the full amount of their unpaid minimum wage and overtime, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the FLSA Collective.

41.    While the exact number of the FLSA Collective is unknown to Plaintiffs at the present time, upon information and belief, there are at least fifty other similarly-situated persons who were/are employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and Team Leaders and/or in a similar position during the FLSA Collective Period.

42.    Plaintiffs are currently unaware of the identities of the FLSA Collective. Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and Team Leaders and/or in a  similar position during the FLSA Collective Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in it.

## RULE 23 CLASS ACTION ALLEGATIONS

43.     Plaintiffs bring their NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and on behalf of all other similarly-situated persons who were/are employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and Team Leaders and/or in a similar position who were/are not paid the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate for all hours worked in excess of 40 hours per week and straight-time wages for all hours worked, and whose wages were unlawfully deducted during the New York Class Period.

44.     The basic job duties of the New York Class were/are the same as or substantially similar to those of Plaintiffs, and the New York Class were/are paid in the same manner and under the same common policies, plans and practices as Plaintiffs.

45.     The New York Class, like Plaintiffs, all have been subject to the same unlawful policies, plans and practices of Defendant, including not paying the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week and straight-time wages for all hours worked, and making unlawful deductions from wages.

46.     During the New York Class Period, Defendant was fully aware of the duties performed by Plaintiffs and the New York Class, and that those duties were not exempt from the minimum wage and overtime provisions of the NYLL and/or its regulations.

47.     As a result of Defendant's conduct, as alleged herein, Defendant violated the NYLL and/or its regulations by not paying the New York Class and Plaintiffs the prevailing minimum wage for all hours worked, overtime at a rate of one and one-half times their regular

rate of pay for all hours worked in excess of 40 hours per week and straight-time wages for all hours worked, and by making unlawful deductions from wages.

48.    Defendant's violations of the NYLL and/or its regulations were willful, repeated, knowing, intentional and without a good faith basis, and significantly damaged Plaintiffs and the New York Class.

49.    As a result of Defendant's conduct, Defendant is liable to Plaintiffs and the New York Class for the full amount of their unpaid minimum wage, overtime, straight-time wages and wages deducted, plus an additional amount as liquidated damages, plus the attorneys' fees and costs incurred by Plaintiffs and the New York Class.

50.    Certification of the New York Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact common to Plaintiffs' claims and the claims of the New York Class.  Plaintiffs have standing to seek such relief because of the adverse effect that Defendant's unlawful compensation policies and practices have had on them individually and on members of the New York Class.  Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.  Certification of the New York Class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiffs, the New York Class and Defendant.

51.    Plaintiffs' claims raise questions of law and fact common to the New York Class. Among these questions are:

    (a)    Whether Defendant failed to pay Plaintiffs and the New York Class the prevailing minimum wage for all hours worked during the New York Class Period;

    (b)    Whether Defendant failed to pay Plaintiffs and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week during the New York Class Period;

(c)     Whether Defendant failed to pay Plaintiffs and the New York Class straight-time wages for all hours worked during the New York Class Period;

(d)     Whether Defendant made unlawful deductions from the wages of Plaintiffs and the New York Class during the New York Class Period;

(e)     Whether Defendant's failure to pay the prevailing minimum wage to Plaintiffs and the New York Class constitutes a violation of NYLL §650 *et seq.*;

(f)     Whether Defendant's failure to pay overtime to Plaintiffs and the New York Class constitutes a violation of NYLL §650 *et seq.* and 12 N.Y.C.R.R §142.2-2;

(g)     Whether Defendant's failure to pay Plaintiffs and the New York Class straight-time wages constitutes a violation of NYLL §191;

(h)     Whether Defendant's deductions from the wages of Plaintiffs and the New York Class constitutes a violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10; and

(i)     Whether Defendant's violations of the NYLL and/or its regulations were willful.

52.     These common questions of law and fact arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendant's liability.

53.     Plaintiffs are members of the New York Class that they seek to represent. Plaintiffs' claims are typical of the claims of the New York Class. The relief Plaintiffs seek for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

54.     Plaintiffs' interests are co-extensive with those of the New York Class that they seek to represent in this case. Plaintiffs are willing and able to represent the New York Class fairly and to vigorously pursue their similar individual claims in this action. Plaintiffs have retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiffs and their counsel to litigate the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

55.     Defendant has acted or refused to act on grounds generally applicable to the New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

56.     Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendant's individual and class-wide liability and the essential predicate for Plaintiffs' and the New York Class' entitlement to monetary and non-monetary remedies to be determined at a later stages of the proceedings.

57.     The common issues of fact and law affecting Plaintiffs' claims and those of the New York Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

58.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the New York Class.  There will be no difficulty in the management of this action as a class action.

59.     The cost of proving Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiffs and the New York Class to pursue their claims individually.  Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims.  The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence.  Additionally, the questions of law and fact common to the New York Class arise from the same course of events and each class member makes similar legal and factual arguments to prove the Defendant's liability.

60.     The New York Class is so numerous that joinder of all members is impracticable. While the exact number of the New York Class is unknown to Plaintiffs at the present time, upon

information and belief, there are at least fifty other similarly-situated persons who were/are employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and Team Leaders and/or in a similar position during the New York Class Period.

61.    Plaintiffs are currently unaware of the identities of the New York Class. Accordingly, Defendant should be required to provide Plaintiffs with a list of all persons employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and Team Leaders and/or in a  similar position during the New York Class Period, along with their last known addresses, telephone numbers and e-mail addresses so Plaintiffs can give the New York Class notice of this action and an opportunity to make an informed decision about whether to participate in it.

## FIRST CLAIM FOR RELIEF
### (Failure to Pay Overtime in Violation of 29 U.S.C. §207)

62.    Plaintiffs, on behalf of themselves and the FLSA Collective, hereby reallege and incorporate by reference paragraphs 1 through 61 as though they were fully set forth herein.

63.    The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week.  Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendant pay them overtime under the FLSA.

64.    During the FLSA Collective Period, Defendant knew that Plaintiffs and the FLSA Collective worked anywhere between 41 and 45 hours per week.  However, Defendant did not always pay them overtime for each hour worked in excess of 40 hours per week because it did not count all of the hours worked by Plaintiffs and the FLSA Collective, even though Defendant permitted them to work said hours.

65. Furthermore, when Defendant did pay Plaintiffs and the FLSA Collective for hours worked in excess of 40 hours per week, Defendant did not pay them one and one-half times their regular rate of pay because it did not include the amount of commissions earned by them when determining their regular rate of pay.

66. As a result of Defendant's failure to pay Plaintiffs and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, Defendant violated the FLSA.

67. The foregoing conduct of Defendant constitutes willful violations of the FLSA.

68. Defendant's violations of the FLSA has significantly damaged Plaintiffs and the FLSA Collective and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

<u>**SECOND CLAIM FOR RELIEF**</u>
**(Failure to Pay Minimum Wage in Violation of 29 U.S.C. §206)**

69. Plaintiffs, on behalf of themselves and the FLSA Collective, hereby reallege and incorporate by reference paragraphs 1 through 68 as though they were fully set forth herein.

70. The FLSA requires covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked. Plaintiffs and the FLSA Collective were not exempt from the requirement that Defendant pay them the prevailing minimum wage under the FLSA.

71. During the FLSA Collective Period, Defendant knew that Plaintiffs and the FLSA Collective worked in excess of their scheduled 37.5 hours per week. However, Defendant did not always pay them the prevailing minimum wage for all hours worked because it did not count all of the hours worked by Plaintiffs and the FLSA Collective, even though Defendant permitted them to work said hours.

72.     As a result of Defendant's failure to pay Plaintiffs and the FLSA Collective the prevailing minimum wage for all hours worked, Defendant violated the FLSA.

73.     The foregoing conduct of Defendant constitutes willful violations of the FLSA.

74.     Defendant's violations of the FLSA has significantly damaged Plaintiffs and the FLSA Collective and entitles them to recover the total amount of their unpaid minimum wage, an additional equal amount in liquidated damages, and attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF
**(Failure to Pay Overtime in Violation of NYLL §650 *et seq*. and 12 N.Y.C.R.R. §142-2.2)**

75.     Plaintiffs, on behalf of themselves and the New York Class, hereby reallege and incorporate by reference paragraphs 1 through 74 as though they were fully set forth herein.

76.     The NYLL and 12 N.Y.C.R.R. §142-2.2 require a covered employer, such as Defendant, to pay employees overtime at a rate of one and one-half times the employee's regular rate of pay in the manner and methods provided in the FLSA.  Plaintiffs and the New York Class were not exempt from the requirement that Defendant pay them overtime under the NYLL and/or its regulations.

77.     During the New York Class Period, Defendant knew that Plaintiffs and the New York Class worked anywhere between 41 and 45 hours per week.  However, Defendant did not always pay them overtime for each hour worked in excess of 40 hours per week because it did not count all of the hours worked by Plaintiffs and the New York Class, even though Defendant permitted them to work said hours.

78.     Furthermore, when Defendant did pay Plaintiffs and the New York Class for hours worked in excess of 40 hours per week, Defendant did not pay them one and one-half times their regular rate of pay because it did not include the amount of commissions earned by them when determining their regular rate of pay.

79.     As a result of Defendant's failure to pay Plaintiffs and the New York Class overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week, Defendant violated the NYLL and 12 N.Y.C.R.R. §142-2.2.

80.     The foregoing conduct of Defendant constitutes willful violations of the NYLL and/or its regulations.

81.     Defendant's violations of the NYLL and/or its regulations has significantly damaged Plaintiffs and the New York Class and entitles them to recover the total amount of their unpaid overtime wages, an additional equal amount in liquidated damages, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage in Violation of NYLL §650 *et seq*.)**

82.     Plaintiffs, on behalf of themselves and the New York Class, hereby reallege and incorporate by reference paragraphs 1 through 81 as though they were fully set forth herein.

83.     The NYLL requires covered employers, such as Defendant, to pay all non-exempt employees the prevailing minimum wage for all hours worked.  Plaintiffs and the New York Class were not exempt from the requirement that Defendant pay them the prevailing minimum wage under the NYLL.

84.     During the New York Class Period, Defendant knew that Plaintiffs and the New York Class worked in excess of their scheduled 37.5 hours per week.  However, Defendant did not always pay them the prevailing minimum wage for all hours worked because it did not count all of the hours worked by Plaintiffs and the New York Class, even though Defendant permitted them to work said hours.

85.     As a result of Defendant's failure to pay Plaintiffs and the New York Class the prevailing minimum wage for all hours, Defendant violated the NYLL.

86.    The foregoing conduct of Defendant constitutes willful violations of the NYLL.

87.    Defendant's violations of the NYLL has significantly damaged Plaintiffs and the New York Class and entitles them to recover the total amount of their unpaid minimum wage, an additional amount in liquidated damages, and attorneys' fees and costs.

### FIFTH CLAIM FOR RELIEF
### (Failure to Pay Wages for All Hours Worked in Violation of NYLL §191)

88.    Plaintiffs, on behalf of themselves and the New York Class, hereby reallege and incorporate by reference paragraphs 1 through 87 as though they were fully set forth herein.

89.    The NYLL requires covered employers, such as Defendant, to pay employees for all hours worked.  Plaintiffs and the New York Class were not exempt from the requirement that Defendant pay them for all hours worked under the NYLL.

90.    During the New York Class Period, Defendant knew that Plaintiffs and the New York Class worked in excess of their scheduled 37.5 hours per week.  However, Defendant did not always pay them the their straight-time wage for all hours worked because it did not count all of the hours worked by Plaintiffs and the New York Class, even though Defendant permitted them to work said hours.

91.    As a result of Defendant's failure to pay Plaintiffs and the New York Class their straight-time wages for all hours worked, Defendant violated the NYLL.

92.    The foregoing conduct of Defendant constitutes willful violations of the NYLL.

93.    Defendant's violations of the NYLL has significantly damaged Plaintiffs and the New York Class and entitles them to recover the total amount of their unpaid straight-time wages, an additional amount in liquidated damages, and attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
### (Unlawful Deductions in Violation of NYLL §193 and 12 N.Y.C.R.R. §142-2.10)

94.     Plaintiffs, on behalf of themselves and the New York Class, hereby reallege and incorporate by reference paragraphs 1 through 93 as though they were fully set forth herein.

95.     The NYLL and 12 N.Y.C.R.R. §142-2-10 prohibit covered employers, such as Defendant, from making deductions from the wages of employees.

96.     During the New York Class Period, when Plaintiffs and the New York Class made errors resulting in a cash shortage or loss in connection with currency transactions, Defendant unlawfully deducted an amount equivalent to cash shortage or loss from their wages. Furthermore, when Plaintiffs and the New York Class made administrative errors in connection with currency transactions, Defendant unlawfully deducted an amount from the wages of Plaintiffs and the New York Class.

97.     Also, when Plaintiffs and the New York Class were late for the start of their scheduled shift, Defendant unlawfully fined or penalized them by deducting an amount from their wages that exceeded the number of minutes they were actually late.

98.     Defendant did not make said deductions in accordance with the provisions of any law or any rule or regulation issued by any governmental agency.  Moreover, Plaintiffs and the New York Class did not expressly authorize Defendant in writing to make said deductions, and said deductions were not for the benefit of Plaintiffs and the New York Class.

99.     As a result of Defendant's unlawful deductions from the wages of Plaintiffs and the New York Class, Defendant violated the NYLL and 12 N.Y.C.R.R. §142-2-10.

100.    The foregoing conduct of Defendant constitutes willful violations of the NYLL and 12 N.Y.C.R.R. §142-2-10.

101.   Defendant's violations of the NYLL and 12 N.Y.C.R.R. §142-2-10 has significantly damaged Plaintiffs and the New York Class and entitles them to recover the total amount of the wages that were deducted from their pay, an additional amount in liquidated damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves, the FLSA Collective and the New York Class, respectfully request that this Court:

A.   Declare that the practices complained of herein are unlawful under applicable federal and state law;

B.   Declare this action to be maintainable as a collective action pursuant to 29 U.S.C. §216, and direct Defendant to provide Plaintiffs with a list of all persons who were/are employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and as Team Leaders and/or in a similar position during the FLSA Collective Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

C.   Determine the damages sustained by Plaintiffs and the FLSA Collective as a result of Defendant's violations of the FLSA, and award those damages against Defendant and in favor of Plaintiffs and the FLSA Collective, plus such pre-judgment and post-judgment interest as may be allowed by law;

D.   Award Plaintiffs and the FLSA Collective an additional equal amount as liquidated damages because Defendant's violations were willful and/or without a good faith basis;

E.      Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23, and direct Defendant to provide Plaintiffs with a list of all persons who were/are employed by Defendant in New York, New York as Foreign Exchange Sales Consultants and/or in a similar position and as Team Leaders and/or in a similar position during the New York Class Period, including all last known addresses, telephone numbers and e-mail addresses of each such person so Plaintiffs can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

F.      Designate Plaintiffs as representatives of their respective classes, and their counsel of record as class counsel;

G.      Determine the damages sustained by Plaintiffs and the New York Class as a result of Defendant's violations of the NYLL and/or its regulations, and award those damages against Defendant and in favor of the Plaintiffs and the New York Class, plus such pre-judgment and post-judgment interest as may be allowed by law;

H.      Award Plaintiffs and the New York Class an additional amount as liquidated damages pursuant to the NYLL because Defendant's violations were willful and/or without a good faith basis;

I.      Award Plaintiffs, the FLSA Collective and the New York Class their reasonable attorneys' fees and costs and disbursements in this action including, but not limited to, any accountants' or experts' fees; and

J.      Grant Plaintiffs, the FLSA Collective and the New York Class such other and further relief that the Court deems just and proper.

**JURY DEMAND**

Plaintiffs, on behalf of themselves and on behalf of all other similarly-situated persons,

hereby demand a trial by jury on all issues of fact and damages.

Dated: April 27, 2012
      New York, New York

                                  Respectfully submitted,

                                  THOMPSON WIGDOR LLP

By:

                                  Douglas H. Wigdor
                                  Shaffin A. Datoo
                                  David E. Gottlieb

                                  85 Fifth Avenue
                                  New York, NY 10003
                                  Telephone: (212) 257-6800
                                  Facsimile: (212) 257-6845
                                  dwigdor@thompsonwigdor.com
                                  sdatoo@thompsonwigdor.com
                                  dgottlieb@thompsonwigdor.com

                                  Attorneys for Plaintiffs

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

KWAME ASARE and HAYDEE CAMPOS,                    :
on behalf of themselves and on behalf            :
of all other similarly-situated persons,         :          Civil Action No.
                                                 :
                              Plaintiffs,        :          **NOTICE OF CONSENT**
                                                 :
              v.                                 :
                                                 :
THE CHANGE GROUP NEW YORK, INC.,                 :
                                                 :
                              Defendant.         :
------------------------------------------------------------x

    I hereby consent to join as a party plaintiff in the above-captioned matter seeking damages and other relief that may be appropriate against The Change Group New York, Inc. for its alleged violations of the Fair Labor Standards Act.  I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Name:      Kwame Asare

Address:    729 North Oak Drive, Bronx, New York 10467

Telephone:    (646) 275-9876

Signature:    *Kwame G. Asare*

Date:    April 26, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

KWAME ASARE and HAYDEE CAMPOS,  :
on behalf of themselves and on behalf  :
of all other similarly-situated persons,  :

                      Plaintiffs,  :

      v.  :

THE CHANGE GROUP NEW YORK, INC.,  :

                 Defendant.  :
-------------------------------------------------------------- x

Civil Action No.

**NOTICE OF CONSENT**

    I hereby consent to join as a party plaintiff in the above-captioned matter seeking damages and other relief that may be appropriate against The Change Group New York, Inc. for its alleged violations of the Fair Labor Standards Act.  I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Name:      Haydee Campos

Address:    30-08 83rd Street, Elmhurst, New York 11370

Telephone:  (347) 684-0261

Signature:  _____

Date:      April 26, 2012